IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Darilyn Baker, individually and on behalf of all persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Autos, Inc., a North Dakota Corporation d/b/a/ Global Auto; RW Enterprises Inc., a North Dakota Corporation; Robert Opperude; Randy Westby; James Hendershot, <br><br> Defendant. | **ORDER DENYING PLAINTIFF'S MOTIONS FOR REMAND AND SUMMARY JUDGMENT** <br><br> Case No. 4:12-cv-007 |

Before the Court are Plaintiff Darilyn Baker's "Motion to Remand Pursuant to 28 U.S.C. § 1447(c)" and "Motion for Summary Judgment on Federal Law Compliance Question," filed on January 27, 2012. See Docket Nos. 6 and 9. The Defendants filed responses in opposition to the motion to remand on February 13, 2012. See Docket Nos. 15 and 16. Baker filed a reply brief on February 15, 2012. See Docket No. 19. The Defendants filed responses in opposition to the motion for summary judgment on February 20 and 21, 2012. See Docket Nos. 21 and 22. For the reasons outlined below, the motions are denied.

**I.    BACKGROUND**

On November 22, 2011, Darilyn Baker filed a summons and complaint in state district court in Ward County, North Dakota. See Docket No. 1-1. Baker asserts that she resides on the Turtle Mountain Indian Reservation. She brings her claims:

> on her own behalf and on behalf of a class of persons known and unknown who have financed the purchase of automobiles with the financing being provided by either Defendant Autos, Inc., and/or Defendant RW Enterprises, Inc., directly or indirectly, at anytime during the six year period immediately preceding the commencement of this civil action.

See Docket No. 1-1. Defendants Robert Opperude and James Hendershot are the principal owners of Defendant Autos, Inc. Defendant Randy Westby is the principal owner of Defendant RW Enterprises, Inc. ("RW Enterprises").

On July 28, 2007, Baker purchased a 2003 Pontiac Grand Am from Autos, Inc. See Docket No. 7-1. The purchase price of the vehicle was $6,990. As part of the transaction, Baker paid a $200 "Loan Fee" and a $195 "Document Administration Fee." Baker also entered into a Retail Installment Contract and Security Agreement ("Contract") with Autos, Inc. that required her to make installment payments of $247.08 per month. See Docket No. 7-2. The Contract states that the annual percentage rate is 25%, the finance charge is $1,941.61, and the amount of financing provided to Baker by Autos, Inc. is $5,470.94.

Baker alleges that Autos, Inc. unlawfully failed to include the loan fee and document administration fee in the finance charge. Baker stated in an affidavit that if those fees had been included in the finance charge, the actual annual percentage rate would have been 28.35%, and she would not have purchased the vehicle if the annual percentage rate was over 25%. See Docket No. 7-4.

Baker's first cause of action is usury. Baker contends the rate of interest charged by Autos, Inc. exceeds the maximum rate allowed by North Dakota law. Baker's second cause of action is unfair trade practices. Baker alleges the Defendants have violated the Unlawful Sales or Advertising Practices Act, N.D.C.C. § ch. 51-15, by "among other practices, intentionally misrepresentation of

the cost of credit incident to the financing of retail sales; intentionally charge usurious rates of interest upon the accounts of retail customers; and intentionally charge unlawful late fees and penalties." See Docket No. 1-1. Specifically, Baker alleges the Defendants have engaged in conduct that violates N.D.C.C. §§ 51-13-03(4) and 51-15-09 and the Truth in Lending Act, 18 U.S.C. § 1605. Baker's third cause of action is racketeering. Baker alleges the Defendants engaged in racketeering by conspiring to charge usurious interest rates and fraudulently misrepresent finance charges and annual percentage rates.

Defendants Autos, Inc., Opperude, and Hendershot removed the case to federal district court on January 12, 2012. See Docket No. 1. The removing Defendants contend the Court has jurisdiction under 28 U.S.C. § 1331 because Baker has alleged a violation of federal law, specifically the Truth in Lending Act, 15 U.S.C. §§ 1601-1667e. The removing Defendants further contend the Court has supplemental jurisdiction over Baker's state law claims under 28 U.S.C. § 1367.

On January 27, 2012, Baker filed a motion to remand the case to state district court. See Docket No. 6. Baker contends the federal court does not have jurisdiction because her claims do not arise under federal law. Baker concedes she made reference to the Truth in Lending Act in her second cause of action, which is a violation of North Dakota's Unfair Trade Practice Law. She argues, however, that her claims arise exclusively under state law. In the alternative, Baker moved for summary judgment solely on the question of whether the Defendants have violated the federal Truth in Lending Act. See Docket No. 9. Baker requests that the Court decide the federal law question, then remand the case to state court.

The Defendants argue that federal jurisdiction is proper because a federal question is present on the face of the complaint. The Defendants contend that Baker is the master of her complaint; that

it was her decision to allege the Defendants violated the Truth in Lending Act in her second cause of action; and the allegation of a violation of federal law in the complaint provides a basis for jurisdiction in the federal court. With respect to Baker's motion for summary judgment, the Defendants assert that the Truth in Lending Act's one-year statute of limitations has expired. They also argue that questions of material fact exist that preclude summary judgment. Defendants Auto, Inc., Opperude, and Hendershot also contend that the Court should deny the motion under Federal Rule of Civil Procedure 56(d) because more discovery is required.

## II.  LEGAL ANALYSIS

### A.  MOTION TO REMAND

Following removal of a case to federal court, a plaintiff can seek remand of the action back to state court. 28 U.S.C. § 1447(c). The removing party bears the burden of showing that removal was proper. Nagel v. Wal-Mart Stores, Inc., 319 F. Supp. 2d 981, 982 (D.N.D. 2004) (citing In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993); Capehart-Craeger Enters., Inc. v. O'Hara & Kendall Aviation, Inc., 543 F. Supp. 259, 262 (W.D. Ark. 1982)). "Removal statutes are strictly construed in favor of state court jurisdiction." Id. (citing Bus. Men's, 992 F.2d at 183). All doubts concerning removal must be resolved in favor of remand. Id. at 983 (citing Bus. Men's, 992 F.2d at 183).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Eighth Circuit Court of Appeals has explained, "Federal question jurisdiction exists if the 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Williams v. Ragnone, 147 F.3d 700, 702 (8th Cir. 1998) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983)). "[T]he presence of even one federal claim gives the defendant the right to remove the entire case to federal court." Id. at 703 (quoting Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996)) (alteration in original). "A district court does not have discretion to remand a case that states a federal question." Cnty. of St. Charles, Mo., v. Mo. Family Health Council, 107 F.3d 682, 684 (8th Cir. 1997) (citing Gaming Corp. of Am., 88 F.3d at 542). The United States Supreme Court has explained that the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnote omitted).

The Defendants contend that Baker's reference to the Truth in Lending Act in her complaint provides the federal court with original jurisdiction. The Defendants rely on Country Club Estates, LLC v. Town of Loma Linda, 213 F.3d 1001 (8th Cir. 2000) in support of their position. In that case, the plaintiff challenged the legality of the defendant town's zoning ordinances and whether the town was properly formed. The defendant removed the case to federal court. The plaintiff moved to remand the case, arguing that the complaint did not arise out of federal law. The complaint stated, in part:

> The Court order [referring to an order of the County Commission of Newton County, Missouri, purporting to establish the Town of Loma Linda] is further invalid because Relators were not given proper notice of the hearing as required by the Statutes and Constitution of Missouri and the Constitution of the United States of America,

5

including those provisions which prohibit the taking of property without due process of law, which process requires proper notice.

Country Club Estates, 213 F.3d at 1003 (alteration in original).

The plaintiff argued that the case should be remanded because most of the complaint alleged violations of state law. The Eighth Circuit Court of Appeals disagreed. The court explained, "A complaint that pleads violations of both state and federal law is within the original jurisdiction of a federal district court." Id. (citing Lacks v. Ferguson Reorganized Sch. Dist. R–2, 147 F.3d 718, 721 (8th Cir.1998), cert. denied, 526 U.S. 1012 (1999); Gaming Corp. of Am., 88 F.3d at 541–42). The Eighth Circuit noted that the reference to the United States Constitution was "unequivocal" and appeared "on the face of the complaint." Id. at 1003, 1004. The court found that the plaintiff's inclusion of federal claims in the complaint invoked the jurisdiction of the federal court.

In Baker's complaint, she states under her second cause of action as follows:

> 37. Defendant Autos, Inc., and Defendant RW Enterprises, Inc., are engaged in a joint enterprise in which they intentionally violate the Unlawful Sales or Advertising Practices Act of the State of North Dakota (Chapter 51-15, N.D.C.C.) through, among other practices, intentionally misrepresentation of the cost of credit incident to the financing of retail sales; intentionally charge usurious rates of interest upon the accounts of retail customers; and intentionally charge unlawful late fees and penalties.
>
> . . .
>
> 40. Federal Truth-in-Lending Act 15 U.S.C. § 1605, requires the disclosure of the "annual percentage rate" and "finance charge" in connection with any consumer credit transaction to be inclusive of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit, which law Defendants have intentionally failed to comply.

See Docket No. 1-1, pp. 8-9. Baker unequivocally states on the face of her complaint that the "Defendants have intentionally failed to comply" with 15 U.S.C. § 1605. She has chosen to invoke

6

federal law in her complaint. Therefore, the Court finds that it has jurisdiction under 28 U.S.C. §§ 1331 and 1441(a).

The Defendants urge the Court to exercise supplemental jurisdiction over Baker's state law claims. 28 U.S.C. § 1367 provides:

>   (a)   Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
>   . . .
>
>   (c)   The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
>   (1)   the claim raises a novel or complex issue of State law,
>
>   (2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>   (3)   the district court has dismissed all claims over which it has original jurisdiction, or
>
>   (4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(a) and (c).

The Eighth Circuit Court of Appeals has explained;

> "Claims within the action are part of the same case or controversy if they 'derive from a common nucleus of operative fact.'" Myers v. Richland County, 429 F.3d 740, 746 (8th Cir.2005), quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). A plaintiff's claims derive from a common nucleus of operative fact if the "claims are such that he would ordinarily be expected to try them all in one judicial proceeding." Gibbs, 383 U.S. at 725. . . . Once original jurisdiction exists, supplemental jurisdiction over all related claims is mandatory, absent certain
7

statutory exceptions. See Southern Council of Indus. Workers v. Ford, 83 F.3d 966, 968 (8th Cir.1996) (per curiam); McLaurin v. Prater, 30 F.3d 982, 985 (8th Cir.1994).

ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 963-64 (8th Cir. 2011).

The Court finds that all of Baker's claims derive from a common nucleus of operative facts. The claims all relate to Baker's purchase of a vehicle from Autos, Inc. Specifically, the claims relate to the terms of the Buyer's Order and Retail Installment Contract and Security Agreement between Baker and Autos, Inc. The plaintiff would ordinarily expect that these claims, which arise out of the same transaction, would be tried in the same judicial proceeding. The Court finds that the exceptions listed in 28 U.S.C. § 1367(c) do not apply. Therefore, the Court finds that it has supplemental jurisdiction over Baker's state law claims under 28 U.S.C. § 1367(a). Baker's motion to remand is denied.

### B.  **MOTION FOR SUMMARY JUDGMENT**

Baker requests that the Court grant summary judgment on the question of whether the Defendants have violated the Truth in Lending Act, then remand the state law claims to state district court. The Court notes that Baker's allegation that the Defendants violated the federal Truth in Lending Act is contained in the second cause of action which alleges violations of North Dakota's Unlawful Sales or Advertising Practices Act, N.D.C.C. ch. 51-15. Granting or denying Baker's summary judgment motion relative to the Truth in Lending Act would not dispose of the second cause of action. In addition, the parties have not yet undertaken discovery nor has the deposition of the Plaintiff been taken to date.

Rule 56(d) of the Federal Rule of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> >
> > (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The Court finds that the Defendants cannot present facts essential to oppose the motion because they have not yet undertaken any meaningful discovery, including Baker's deposition. At this early stage of litigation, Baker's motion for summary judgment is denied. The Court will entertain dispositive motions after the parties have been given the opportunity to conduct reasonable discovery. The deadline for dispositive motions will be established in a subsequent order.

## III. CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law. For the reasons outlined above, Baker's "Motion to Remand Pursuant to 28 U.S.C. § 1447(c)" (Docket No. 6) and "Motion for Summary Judgment on Federal Law Compliance Question" (Docket No. 9) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 19th day of April, 2012.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court